**UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

_____ X

Kenneth Passafiume Individually
and on behalf of all others
similarly situated

                                    Plaintiffs

-against-

NRA Group, LLC d/b/a National
Recovery Agency                      Defendant

_____ X

Docket No. CV-10-0796

## **FINAL APPROVAL ORDER**

This matter comes before the Court on the joint request of Plaintiff Kenneth Passafiume and a class of Persons similarly situated (collectively "Plaintiffs" or "Class Members") and Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated July 26, 2010. Based upon Plaintiff's counsel's certification in support of final approval and in support of their application for fees, the Court finds that:

    A.    The total number of potential Class Members is 20,498.

    B.    Notice was sent by first class mail to 20,498 persons at their last known mailing address using accessible contact information.

    C.    No Class Members objected to the Settlement.

    D.    One thousand three hundred and twenty five (1,325) class members returned claim forms clearly indicating their desire to be included in the class settlement.

    E.    Additionally, 23 class members returned claim forms which were somewhat ambiguous. The Court having reviewed these claim forms has determined that 22 of these forms

sufficiently indicate the class member's intent to participate in the settlement. These 22 class members will be included in the distribution of the settlement fund. One of these ambiguous claim forms, that of Frances Wilkins, sufficiently indicates his desire to opt out of the settlement. Frances Wilkins will be counted as an "opt out."

F.    Thus a total of 1,347 (1325 + 22) class members returned claim forms indicating their desire to receive a *pro rata* cash payment from the $8,819.82 statutory damages fund. Each of these Class Members will receive $6.55. ($8,819.82/1347)

G.    Ten (10) Class members, chose to opt-out of the Settlement, which is not more than the ten (10) opt-outs allowable under the Agreement. The 10 class members that have chosen to opt-out are: Linda Smith, Deanna Barber, Pamela Faulkner, Albert Basal Mashhadi, Margarita Moreira Siles, Ada Sanchez Melendez, Merced Lara, Danielle Biton, Joann McBee, and Frances Wilkins.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.    <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement dated July 26, 2010, and attached as Exhibit "A" to the Parties' Joint Motion for Preliminary Approval.

2.    <u>Notice</u>. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

2

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A. The Parties are directed to implement the settlement in accordance with its terms. Payment of $1,000.00 shall be made to Kenneth Passafiume, the Class Representative. Payment of the $8,819.82 settlement fund is to be made on a *pro rata* basis to the Class Members by issuing separate settlement checks to each of the 1347 class members who returned claim forms effectively indicating their desire to be included in the class settlement. Settlement checks to the Class Members shall expire 90 days from the date they are issued and notice of such expiration shall appear on the face of the checks. To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such uncashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed by class counsel to the Nassau/Suffolk Law Service Committee, Inc.

B. The Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D. Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members shall be deemed to have and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E. Nothing herein shall alter, amend, or terminate the right of Defendant and their clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees,

3

and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which any or all of Defendant and their clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which the Defendant and their clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant.

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendant's Denial of Liability</u>. The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and Judgment.

7.      Attorneys' Fees. In addition to the $8,819.82 that the class will receive and the $1,000.00 that the named Plaintiff will receive, the Defendant has agreed to pay class counsel $15,000.00 as and for the attorneys fees and costs related to this action. The named Plaintiff and the class are receiving the maximum statutory damages permitted under the FDCPA (15 USC 1692k), and no part of the $15,000.00 fee and cost award is being paid from the class fund. After reviewing Class Counsel's certification for fees and costs, and Class Counsel's billing records, the Court awards to Joseph Mauro, Esq. attorney's fees and costs in the total amount of $15,000.00.

8.      Timing of Payments or Consideration. No later than 14 days after the Entry of Judgment becomes final as defined by paragraph 13 of the Class Action Settlement Agreement and Release, Defendant shall distribute: the settlement checks to the 1347 class members identified above; $1,000.00 to Kenneth Passafiume; and $15,000.00 to Joseph Mauro, Esq. for attorney's fees and costs.

9.      Entry of Judgment. There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this _12th_ day of _May_, 2011.

_A. Kathleen Tomlinson_
A. Kathleen Tomlinson, U.S.M.J.